```
              IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS & ST. JOHN

SIDNEY GEORGE and ST.              )
THOMAS/ST. JOHN EDUCATIONAL        )
ADMINISTRATORS ASSOCIATION,        )
                                   )
             Plaintiffs,           )     Civil No. 2007-110
                                   )
        v.                         )
                                   )
GOVERNMENT OF THE VIRGIN           )
ISLANDS DEPARTMENT OF              )
EDUCATION, LYNN SPAMPINATO,        )
COMMISSIONER-DESIGNEE, and         )
LISA A. HASSELL-FORDE,             )
INSULAR SUPERINTENDENT,            )
                                   )
             Defendants.           )
_____)
```

ATTORNEYS:

**Michael J. Sanford, Esq.**
St. Croix, U.S.V.I.
    *For the plaintiffs*.

**Robert A. Molloy, Esq.**
St. Croix, U.S.V.I.
    *For the Defendants.*


                         <u>**MEMORANDUM OPINION**</u>

**GÓMEZ, C.J.**

   Before the Court is the motion of the defendants, Government of the Virgin Islands Department of Education ("VIDE"); Lynn Spampinato ("Spampinato"), Commissioner-Designee; and Lisa A. Hassell-Forde ("Hassell-Forde"), Insular Superintendent (collectively, the "Defendants"), to dismiss or, in the alternative, for summary judgment.  For the reasons stated below, the Court will grant the motion.

*Sidney George, et al. v. Government of the Virgin Islands, et al.*
Civil No. 2007-110
Memorandum Opinion
Page 2

# I. FACTS

Plaintiff Sidney George ("George") is a former principal of the Jane E. Tuitt Elementary School on St. Thomas, U.S. Virgin Islands. In June, 2007, George was verbally informed by Hassell-Forde, the VIDE Insular Superintendent, that he had been reassigned from the position of principal to the position of principal on special assignment. George replied by letter that he would not accept the new position. Hassell-Forde responded by letter that the reassignment would become effective on August 21, 2007. Thereafter, George and the St. Thomas/St. John Educational Administrators Association ("EAA") (collectively, the "Plaintiffs") brought this action for a permanent injunction to prevent the Defendants from reassigning George and for a declaratory judgment that the reassignment violated the collective bargaining agreement (the "CBA")[1] between the VIDE and the EAA. The Plaintiffs alleged causes of action arising under

---

[1] The CBA was attached to the complaint. As such, the Court may consider it in ruling on a motion to dismiss. *See Bostic v. AT&T*, Civ. No. 01-226, 2003 U.S. Dist. LEXIS 25477, at *7-8 (D.V.I. Apr. 15, 2003) ("Although a district court may not consider matters extraneous to the pleadings, 'a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'") (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

*Sidney George, et al. v. Government of the Virgin Islands, et al.*
Civil No. 2007-110
Memorandum Opinion
Page 3

42 U.S.C. § 1983[2] ("section 1983") based on violations of their First and Fourteenth Amendment rights. The Plaintiffs also appeared to assert a defamation cause of action.

The Defendants now move to dismiss the complaint or, in the alternative, for summary judgment, arguing that the Plaintiffs' claims are subject to the CBA and that the Plaintiffs did not exhaust their administrative remedies under the CBA. The Plaintiffs do not dispute that the CBA is applicable, but argue that the CBA grievance process does not govern their constitutional claims. The Plaintiffs thus argue that they need not exhaust their administrative remedies under the CBA.

## II. DISCUSSION

When considering a motion to dismiss pursuant to Rule 12(b)(6), all material allegations in the complaint are taken as

---

[2] Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

*Sidney George, et al. v. Government of the Virgin Islands, et al.*
Civil No. 2007-110
Memorandum Opinion
Page 4

admitted, and the Court must construe all facts in a light most favorable to the non-moving party. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A complaint should not be dismissed unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Hartford Fire Ins. Co. v. Cal.*, 509 U.S. 764, 810 (1993) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

The Plaintiffs bring claims under section 1983, alleging that the Defendants violated their First and Fourteenth Amendment rights. The Plaintiffs also claim that the Defendants' actions caused serious harm to George's reputation.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)); *see also Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Division*, 411 F.3d 427, 433 (3d. Cir. 2005) (noting that plaintiffs must demonstrate "(1) of what constitutional or

*Sidney George, et al. v. Government of the Virgin Islands, et al.*
Civil No. 2007-110
Memorandum Opinion
Page 5

federal right [they were] deprived, and (2) how [they were] deprived of that right under color of state law").

A plaintiff may only bring a section 1983 action against those who are "persons" subject to suit for damages under section 1983. *Eddy v. V.I. Water & Power Auth.*, 955 F. Supp. 468, 476 (D.V.I. 1997). The Supreme Court has held that "[i]t is evident that Congress did not intend to encompass a Territory among those 'persons' who could be exposed to § 1983 liability." *Ngiraingas v. Sanchez*, 495 U.S. 182, 191-92 (1990) (reasoning that "if Guam is not a person, neither are its officers acting in their official capacity"). "Moreover, state officials acting in their official capacities are not subject to suit under section 1983, since 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.'" *Eddy*, 955 F. Supp. at 476 (quoting *Will v. Michigan Department of State Police*, 491 U.S. 58, 69 n.9 (1989)). Thus, "officers and employees of a territory such as the Virgin Islands acting in their official capacities may not be made defendants in a section 1983 action." *Id.*

The Plaintiffs have named as defendants the VIDE and two officials acting in their official capacities. These claims must be dismissed because the VIDE, Spampinato, and Hassell-Forde are not "persons" as that term is used in section 1983. Accordingly,

*Sidney George, et al. v. Government of the Virgin Islands, et al.*
Civil No. 2007-110
Memorandum Opinion
Page 6

the Plaintiffs have failed to state a claim. Even if the Plaintiffs had alleged the requisite elements of a 1983 action, the complaint is ripe for dismissal pursuant to Rule 12(b)(6) because the Plaintiffs have not exhausted their administrative remedies.

"An individual employee may bring suit against his or her employer for breach of a collective bargaining agreement; however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement before bringing suit in federal court." *Harrigan v. Caneel Bay, Inc.*, 745 F. Supp. 1122, 1126-27 (D.V.I. 1990).

Here, the parties do not dispute that the CBA was in effect at all relevant times in this case and that they are subject to the CBA's grievance and arbitration procedures. (Compl. §§ 7, 12-14.); (Mem. in Supp. of Defs.' Mot. to Dismiss at 2, 5). Article five of the CBA is entitled, "Grievance Procedure." Section one of article five provides that

> [a] grievance shall be a complaint submitted by an employee . . . (1) that there has been a violation or misinterpretation of any of the provisions of this Agreement, or (2) that he has been treated unfairly or inequitably by reason of any act or condition which is contrary to established policy or practices governing or affecting employees.

(Compl., Exh. D at 16). Section five of article five provides that "[t]he following procedure shall be the means of settlement

*Sidney George, et al. v. Government of the Virgin Islands, et al.*
Civil No. 2007-110
Memorandum Opinion
Page 7

of all grievances arising under this Agreement." (*Id.*). The remainder of section five sets forth the steps and attendant deadlines of the grievance procedure and provides for an appeal to arbitration. Step one provides for an informal discussion with the grievant's immediate supervisor. If the matter is not resolved at step one, step two provides that the matter shall be submitted in writing to a supervisor within ten days of step one, and that further discussions will take place. If the matter is still unresolved, step three provides that the grievant may file a written appeal with the Superintendent. If the grievant is dissatisfied with the Superintendent's decision, step four provides that he may, with written notice to the Superintendent, appeal the matter to arbitration.

  Here, the Plaintiffs argue that they have already pursued their administrative remedies and "specifically attempted to reject the action by the Defendants." (Mem. in Supp. of Pls.' Reply to Defs.' Mot. to Dismiss at 2). In support of this assertion, the Plaintiffs point to George's June 21, 2007 letter to Hassel-Forde, in which George wrote that he would not accept his reassignment. (Compl., Exh. B.) The Plaintiffs further assert that the Defendants did not respond to George's letter.

  The Plaintiffs do not allege, nor does the record reflect, that George had an informal discussion with his immediate supervisor, in accordance with step one. The record is similarly

*Sidney George, et al. v. Government of the Virgin Islands, et al.*
Civil No. 2007-110
Memorandum Opinion
Page 8

devoid of any evidence that George submitted his grievance in writing to his immediate supervisor, as step two requires.[3] The record also does not reflect that George filed a written appeal with the Superintendent.[4] Finally, there is no evidence that George appealed the matter to arbitration. In short, there is no evidence that the Plaintiffs exhausted their administrative remedies under the CBA.[5]

---

[3] The record does not indicate who George's immediate supervisor is. The CBA provides, however, that "[i]n the event that the Superintendent is the immediate supervisor, the grievance automatically proceed [sic] to step 4." (Compl., Exh. D at 17). Step four is an appeal to arbitration. The Plaintiffs do not allege that they followed step four.

[4] In contending that they met their obligation to avail themselves of administrative remedies, the Plaintiffs rely on George's letter to Hassel-Forde. That reliance is misplaced. Although the CBA does not define what form the written appeal should take, step three states that the appeal must come from "the aggrieved administrator and the duly designated [EAA] representative." (Compl., Exh. D at 17). The letter to Hassel-Forde came from George alone.

[5] The Plaintiffs argue that exhaustion is not required. That argument is without support. The Third Circuit has developed three broad exceptions to the exhaustion requirement:

> (1) [W]hen the challenged agency action presents a clear and unambiguous violation of statutory or constitutional rights, (2) when resort to administrative procedures is "clearly shown to be inadequate to prevent irreparable injury," or (3) when exhaustion is "futile."

*Facchiano v. United States Dep't of Labor*, 859 F.2d 1163, 1167-68 (3d Cir. 1988). The plaintiff bears the burden of establishing that one of the exceptions to the exhaustion requirement applies. *See Facchiano*, 859 F.2d at 1169. The Plaintiffs in this action have not met their burden of showing that any exception to the

*Sidney George, et al. v. Government of the Virgin Islands, et al.*
Civil No. 2007-110
Memorandum Opinion
Page 9

### IV. CONCLUSION

The Plaintiffs have failed to state a section 1983 claim for violations of their 1st and 14th Amendment rights.  Even if a 1983 claim were alleged, the Plaintiffs have not exhausted the requisite administrative remedies under the CBA.  Accordingly, the Plaintiffs' claims will be dismissed.  An appropriate order follows.

**Dated: October 19, 2007**

S\_____
**CURTIS V. GÓMEZ
Chief Judge**

copy:   Hon. Geoffrey W. Barnard
        Michael J. Sanford, Esq.
        Robert A. Molloy, Esq.
        Carol C. Jackson
        Lydia Trotman
        Claudette Donovan
        Olga Schneider
        Gregory F. Laufer

---

exhaustion doctrine applies.